# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JESUS SORIA. § | | |
|    Plaintiff § | | |
| § | | |
| V. § | Civil Action No. 1:14-cv-308-LY | |
| § | | |
| MAG-T, L.P. D/B/A CHARLES MAUND § | | |
| TOYOTA, § | | |
|    Defendant. § | | |

<u>PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S **SUPPLEMENTAL**</u>
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

COMES NOW, Plaintiff, Jesus Soria, and opposes Defendant's Supplemental Motion for Partial Summary Judgment, filed on June 24, 2014.

## INTRODUCTION

1. Defendant filed a motion to dismiss on April 29, 2013, but it included personal identifying information in this motion so it was struck by this court.

2. Defendant filed an amended motion to dismiss and amended motion for partial summary judgment on May 23, 2013 and Plaintiff filed an opposition on June 13, 2013.

3. Following that, Defendant filed its "Supplemental Motion for Partial Summary Judgment" on June 24, 2013.  Plaintiff's opposition hereto

is in response to this <u>second</u> motion (Document 27 in the docket.)

4. The Motion for Summary Judgment is improper in this case because there are genuine issues of material fact on each element of Plaintiff's claims and Defendant's cross-claim.

5. Plaintiff requests the Court deny Defendant's motion in it's entirety.

6. Plaintiff is unclear on what is a "supplemental motion" in the combined "Defendant's Supplemental Motion for Partial Summary Judgment and reply to Plaintiff's memorandum opposing defendant's amended motion to dismiss," but Plaintiff will attempt to keep this opposition focused and not repeat previous arguments brought in response to Defendant's first motion for summary judgment while still addressing this motion.

**LEGAL ARGUMENT**

**Defendant's arguments regarding the $1000 downpayment and it's effect on the disclosures are inaccurate**

7. Defendant argues that the timing of the downpayment does not have any effect on the other disclosures, but this is not correct.

8. The loan which is the subject of the disclosures began on October 1, 2014. The APR and amount financed must be calculated from that date.

9. It was on October 1, 2013 that Charles Maund and Soria signed the Retail Installment Sales Contract, Soria traded in his vehicle, and Charles Maund took Soria's downpayment of $1000.  <u>It was on October 1 that Charles Maund loaned Soria the amount of money</u>

<u>necessary to purchase the car</u>.

10. The date the loan started does not change.

11. The December 23, 2013 must accurately disclose the APR on the loan that originated on October 1.   Using this date makes the APR 20.2194%.

12. The December 23, 2013 RISC states the APR is 21.05%, which is an error of .83%[1].

13. The Truth in Lending Act does not have a defense for "de minimus" errors, although it does allow a small variance (one eighth of one percent) in the calculations of APR and finance charges.  Any errors that are larger than the allowed variance are TILA violations.

14. The error in the December 23, 2013 RISC is .83% which is greater than the variance allowed by law (.125%).

15. Therefor, the December 23, 2013 RISC violates the Truth in Lending Act.

16. This error is in direct response to Defendant Charles Maund's refusal to abide by the initial contract and their yo-yo fraud; however, that does not matter.  The law does not ask for a reason for the errors or if the error makes the disclosures larger or smaller than an accurate disclosure.  The law clearly and simply requires accuracy and provides for statutory damages in the amount of $2000 for a violation.

**Whether the $333 paid in December was additional downpayment or a**

---

[1] The APR decreases when the time of the loan is extended.

PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT

**first payment is a disputed material fact and cannot be the source of a motion for summary judgment**

17. Plaintiff alleges that he was forced to pay the $333 in December – it was not a voluntary early payment, but Charles Maund told him he needed to pay it in order to continue to have the loan.  Plaintiff alleges the RISC is inaccurate.

18. Charles Maund argues that because the December RISC says the $333 is first payment, it is.

19. This is a dispute of fact and cannot support the Defendant's motion for summary judgment or supplemental summary judgment.

**Plaintiff has fully argued the third issue regarding TILA – that the original RISC numbers were not accurate and accuracy is required – in the previous memorandum to the previous motion**

20. By changing the disclosures every month, Defendant violated the Truth in Lending Act in ways that go to the very heart of the purposes of the act.  Defendant took Plaintiff out of the marketplace by providing false disclosures for credit it did not actually provide.  Plaintiff was not able to make meaningful choices in the marketplace with the use of clear and accurate disclosures because Defendant provided false disclosures which it then took back, only to provide more false disclosures.

21. There can be no doubt that the Truth in Lending Act was violated and that this violation did exactly the damage anticipated by Congress – impeded a free market which requires transparency and accurate information.

22. The Truth in Lending Act provides for both statutory damages or actual damages. Mr. Soria suffered actual damages because he was enticed into a deal that was not honored, his downpayment was kept for months so he did not return to the marketplace for a better and more honest car deal, and he was forced to hire a lawyer before Defendant even offered the downpayment back without demanding things in return.

### Defendant's supplemental motion for summary judgment argues nothing new about the "Odometer Act" violation

23. The law is clear that accurate disclosures are mandatory and Defendant's arguments, which it provides without citation to any statute or case, are red herrings that have no impact on the actual elements of Plaintiff's claim.

24. For intentional violations of the Federal Motor Vehicle and Cost Savings Act, Defendant is liable to Plaintiff for the sum of three times his actual damages or $10,000, whichever is greater, as well as reasonable attorney fees and court costs, as pursuant to 49 U.S.C. §32710.

### Defendant's supplemental motion for summary judgment includes many unsubstantiated facts but no new arguments regarding damages

25. Many disputes of fact exist between Defendant and Plaintiff on the issue of Plaintiff's damages. There can be no summary judgment on this issue.

**Texas Finance Code Section 348.1015 has no bearing on Plaintiff's Deceptive Trade Practices Act claims**

26. Defendant's argues that because Texas Finance Code Section 348.1015 does not create a private right of action, Plaintiff cannot allege damages under a completely different law – this is not a convincing argument.

27. First, Plaintiff is not attempting to use Texas Finance Code Section 348.1015 as a tie-in statute; rather, Plaintiff uses the Deceptive Trade Practices Act "laundry list" of violations in his claims.

28. Charles Maund represented that an agreement conferred rights it did not have – it represented that the October, November, and December contracts were providing Mr. Soria with credit to purchase the vehicle and that the contracts, including the signed buyer's orders, transferred ownership of the car to Mr. Soria.  The contracts did not provide credit nor was ownership of the car ever transferred – this is a violation of Texas Business and Commerce Code §17.46(b)(20) (the Texas DTPA).

29. Plaintiff is not arguing that Charles Maund conditioned the contract on subsequent assignment.  Plaintiff is alleging that the contracts did not actually transfer title to his name nor grant him credit – both rights Charles Maund purported were given in first the October, then the November and then the December Retail Installment Sales Contract and buyer's orders.

30. Plaintiff's DTPA claim also includes a tie-in to the Texas Debt Collection Act– Finance Code Section §§392.001-392.404, including

but not limited to §§392.301(a)(2)(5)(6) and (8). These sections govern debt collection harassment under the Texas law, and include threats to file charges – whether or not Defendant believed the charges to be warranted.

31. The debt collection violations are further violations of the Deceptive Trade Practices Act and are not related to §348.1015.

**B. STATEMENT OF DISPUTED FACTS**

32. In the interest of economy, Plaintiff refers the court to his previous statement of disputed facts, from Document 21 on the docket, "Plaintiff's memorandum opposing defendant's amended motion to dismiss and motion for partial summary judgment".

**CONCLUSION:**

33. The Court should find that Defendant has failed to support it's supplemental motion for summary judgment and deny it as well as the other pending motions.

       Respectfully submitted,

       */s/ Amy E. Clark Kleinpeter*

       Amy E. Clark Kleinpeter
       Attorney for Plaintiff /Counter-Defendant
       State of Texas Bar Number: 24043761
       Hill Country Consumer Law
       11940 Jollyville Rd, Suite 220-S
       Austin, TX 78759
       Phone:(512) 850-5290
       Fax:   (626) 737-6030

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2014 a copy of PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.

I certify that Brian Bishop is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

___/s/ Amy E. Clark Kleinpeter (elec. Sig)_____
Amy E. Clark Kleinpeter